# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | CV 19-07869 AB (JPRx) | Date: | December 4, 2019 |
|---|---|---|---|

| Title: | *George Estrada v. Marriott International Inc. et al* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** MOTION FOR REMAND

Before the Court is Plaintiff George Estrada's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 9). Defendants Marriott International et al. ("Defendants") filed an opposition and Plaintiff filed a reply. The Motion is **DENIED**.

## I. BACKGROUND

On February 5, 2019, Plaintiff filed his initial Complaint in state court alleging negligence and premises liability against Defendants arising out of a slip-and-fall accident Plaintiff suffered at Defendants' hotel. On May 1, 2019, Plaintiff filed his First Amended Complaint ("FAC"). *See* Kasparian Decl. (Dkt. No. 9) Ex. 6. On August 12, 2019, Plaintiff indicated in a statement of damages that he was seeking $10,000,000 in general damages and $1,400,000 in special damages. On September 11, 2019, Defendants removed based on diversity jurisdiction.

Plaintiff argues that Defendants removal was untimely because the FAC showed the case was removable and Defendants removed it more than 30 days

after the FAC was filed. Plaintiff also argues that Defendants waived their right to removal by filing a permissive cross-complaint against a third-party in state court despite the case being apparently removable. Defendants respond that the case was not removable until they received Plaintiff's statement of damages, and they timely removed 30 days thereafter. Defendants also argue that they did not waive removal by filing a cross-complaint in state court because it was not apparent at that time that the case was removable.

Having considered the law and the evidence, the Court overrules Plaintiff's timeliness and waiver objections and denies the motion for remand.

## II.  LEGAL STANDARD

A case filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A defendant must remove a case within thirty days of receiving a copy of the complaint, or if the matter is not removable based on the complaint, within thirty days of receiving "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The first thirty-day window is triggered by a defendant's receipt of an "initial pleading" that reveals a basis for removal. 28 U.S.C. § 1446(b)(1). This first thirty-day period for removal only applies if the case stated by the initial pleading is removable on its face: removability is determined by the contents of "the four corners of applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

If no ground for removal is evident in the initial pleading, the second thirty-day window to remove commences when the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 694. Removal based on diversity jurisdiction must commence within one year after the case is filed. 28 U.S.C. § 1446(c)(1).

## III. DISCUSSION

### A. Neither Pre-Suit Papers Nor Oral Communications Made After Suit Was Commenced Triggers The Second 30-Day Window To Remove.

The Court first addresses threshold questions of what materials may put a defendant on notice that the amount in controversy is satisfied so the case is removable. Plaintiff contends that pre-litigation papers it provided to Defendant (showing damages included at least lost income, medical bills exceeding $61,000, and knee surgery) help establish that the case was removable. This is incorrect. The Ninth Circuit has squarely held that "document[s] received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period" and rejected the notion that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010).

Plaintiff also suggests that conversations between counsel and Defendant put Defendant on notice of the amount in controversy. But a conversation is not among the filings or "other paper[s]" that § 1446(b) says triggers the second window to remove. Thus, oral communications cannot be considered.

Accordingly, the Court will not consider either the pre-suit documents or the conversations to determine whether the case was removable.

### B. Removability Was Not Evident From the Face of the FAC.

Plaintiff argues the second thirty-day window to remove was triggered by his filing of the FAC because although the FAC does not state any specific amount in controversy, it alleges that Plaintiff suffered serious injuries and sought different categories of damages that collectively plainly exceed the amount in controversy. The relevant allegations are as follows:

- Plaintiff "sustain[ed] serious injuries, including but not limited to, injuries to his left knee, which required surgery." FAC ¶ 7.
- "Plaintiff sustained extensive injuries, including, but not limited to, injuries to his left leg and knee, requiring lengthy hospitalization, surgeries, physical rehabilitation, expenses for care, lost wages, loss of earning capacity, pain and suffering, mental anguish, emotional distress, disability and disfigurement, past and future." FAC ¶ 8.

- Plaintiff has been compelled to incur expenses for surgeries, medicines, x-rays, and other medical supplies and services" and "further services of said nature will be required by Plaintiff. . ." FAC ¶ 15.
- Plaintiff has not been able to work and cannot work for the indefinite future, and thus lost wages, and will continue to lose wages. FAC ¶ 15.
- Plaintiff "sustained extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and mental anguish, and pain and suffering . . ." FAC ¶¶ 16, 20.

While these allegations characterize Plaintiff's injuries as "extensive" and ongoing, indicate that he needed surgery, and has lost—and will continue to lose—wages, the allegations fail to establish to that the amount in controversy is satisfied. Plaintiff's characterizations do not provide any basis for quantifying his damages, and that Plaintiff's damages exceed $75,000 is not obvious from the injuries alleged. Similarly, while Plaintiff contends he lost and will lose wages, Defendant does not know what Plaintiff's wages are. Given that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry," *Harris*, 425 F.3d at 694, the Court must conclude that the FAC was not sufficient to give notice of removability. The case did not become removable until Plaintiff served his notice of damages, and Defendant removed 30 days thereafter. Removal was therefore timely.

### C. Defendant Did Not Waive Removal.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). Plaintiff argues that when Defendant filed a permissive cross-complaint in state court on July 23, 2019, it waived removal because it knew the amount in controversy was satisfied based on prelitigation documents and a statement by counsel that this was a 7-figure. As stated above, however, prelitigation documents and oral statements cannot trigger removability under §1446(b). Plaintiff further argues that the waiver rule stated in *Resolution Trust* does not tie removability to post-suit papers, so therefore Defendant's knowledge based on other materials (like oral statements) can make it "apparent that the case is removable." Although Plaintiff's argument is creative, it is not convincing. Nothing in *Resolution Trust*

suggests that the Court's use of the phrase "that the case is removable" meant anything other than that the case is removable based on the applicable removal statute § 1446(b) and the cases interpreting it. Furthermore, in *Harris*, the Court adopted a "bright-line approach" to interpreting § 1446(b), specifically to "bring certainty and predictability to the process," "avoid[ ] gamesmanship in pleading," and avoid "the spectre of inevitable collateral litigation" about whether the pleadings were sufficient, whether the defendant subjectively knew a case could be removed, or whether the defendant's inquiry sufficed. *Harris*, 425 F.3d at 697. In light of these considerations, the Court rejects Plaintiff's interpretation of *Resolution Trust*, as it would introduce exactly the kind of unpredictability, guesswork, gamesmanship, and collateral litigation that the *Harris* Court sought to curtail.

### D. CONCLUSION

Plaintiff's Motion for Remand is **DENIED**.

**IT IS SO ORDERED**.

CV-90 (12/02)              **CIVIL MINUTES – GENERAL**              Initials of Deputy Clerk CB

5